UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-81137-CIV-MARRA

JOEL L. A. WATSON, and
JACQUELINE WATSON,

      Plaintiffs,

v.

BANK OF AMERICA CORPORATION,
THE BANK OF NEW YORK MELLON f/k/a
THE BANK OF NEW YORK, TRUSTEE FOR CERTIFICATE
HOLDERS CCWABS, INC. ASSET-BACKED CERTIFICATES,
SERIES 2004-10,

      Defendants.
_____/

**OPINION AND ORDER**

      This cause is before the Court upon Defendants' Motion to Dismiss (DE 8).  The Motion is
ripe for review.  The Court has considered the briefing and is otherwise fully advised in the
premises.  For the reasons stated below, Defendants' Motion to Dismiss (DE 8) is **GRANTED**.

**I. Background**

      *Pro se* Plaintiffs allege that they suffered damages as a result of Defendants' massive fraud
in the national mortgage market.  Plaintiffs attach to the Complaint a mortgage contract between Joel
A. Watson and Full Spectrum Lending, Inc. entered into in 2004,  complete with an Adjustable Rate
Rider signed by Joel Watson.  The Adjustable Rate Rider informed him of possible changes to the
interest rate as well as the minimum and maximum interest rate.  Also attached was a copy of a
Uniform Residential Loan Application both Plaintiffs completed with Countrywide Home Loans in
2005, along with a Good Faith Estimate and an Amortization Schedule.  However, the factual

allegations of the Complaint are general and not connected to the mortgage and the application.

For example, Plaintiffs allege that Countrywide, which was eventually acquired by Defendant Bank of America, employed deceptive lending practices to initiate a great number of loans with adjustable interest rates and monthly payments. Plaintiffs cite interest rates and monthly payment amounts that do not correspond to those in the attached documents. With respect to Defendant Bank of New York, Plaintiffs allege that it "was the depositor for certain of the offering at issue here." Compl., ¶ 36 (DE 1).

Plaintiffs bring the following claims: mortgage fraud pursuant to Fla. Stat. § 817.545 (Count I); vicarious or successor liability for the actions of Countrywide (Count II); common law fraud (Count III); negligence (Count IV); and gross negligence (Count V). Defendants moved to dismiss pursuant to the Federal Rules of Civil Procedure 8(a), 9(b), and 12(b)(6) for failure to state a claim. Additionally, Defendants argue that it is unclear what relationship, if any, Plaintiff Jacqueline Watson had with Defendants, and that she, therefore, lacks standing. Also, Defendant Bank of America Corporation states that it is a holding company and has never had any interest in the loan at issue here, and that all claims against it must be dismissed with prejudice.

## II. Legal standard

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual

2

allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).  Overall, a complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests."  *Id.* (internal quotation omitted); *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950.  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Further, a case may be dismissed on the statute of limitations grounds if it is apparent from the face of the complaint that the suit is time-barred.  *Bhd. of Locomotive Engineers & Trainmen Gen. Comm. of Adjustment CSX Transp. N. Lines v. CSX Transp., Inc.*, 522 F.3d 1190, 1194 (11th Cir. 2008).

Additionally, Rule 9(b) of the Federal Rules of Civil Procedure provides, in pertinent part, that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  Further, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Id.*  This Rule "serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged  and protecting defendants against spurious charges of immoral and fraudulent behavior."

3

*Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1370-71 (11th Cir. 1997) *quoting Durham v. Business Mgmt. Assocs.*, 847 F.2d 1505, 1511 (11th Cir. 1988) (internal quotation marks omitted).  Nevertheless, the Court must not allow the application of Rule 9(b) to vitiate the overall concept of notice pleading.  *See Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001).  This Rule is satisfied if the complaint sets forth (1) the exact statements or omissions made; (2) the time and place of each such statement and who made the statement or omission; (3) the substance of the statement and how it misled the plaintiff and (4) the defendants' gain due to the alleged fraud.  *See id.* (quoting *Brooks*, 116 F.3d at 1371).

## III. Discussion

### 1. Fraud claims (Counts I an III)

First, section 817.545 of the Florida Statutes is a penal statute and does not provide for a private cause of action.  *See* Fla. Stat. § 817.545.  Second, Plaintiffs did not allege fraud with sufficient particularity.  In fact, Plaintiffs' allegations are only general and unrelated to the mortgage contract or even the mortgage application attached to the Complaint.  Thus, it is absolutely unclear how Plaintiffs were misled and by what statements.

Third,  it is clear from the face of the Complaint that Plaintiffs' fraud claims are time-barred. Plaintiffs base jurisdiction on diversity of citizenship, 28 U.S.C. § 1332, and the mortgage contract attached to the Complaint specifies that it is governed by federal law and the law of the jurisdiction where the subject property is located, which is Florida.  In Florida, an action for fraud must be commenced within 4 years "from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence," but in no event more than 12 years after the date of the commission of the fraud. Fla. Stat. Ann. §§ 95.031(2)(a);

95.11(3)(j).  The four-year statute of limitations attaches when plaintiff was first put on notice or had

reason to believe that a cause of action has accrued.  *Korman v. Iglesias*, 825 F. Supp. 1010, 1014

(S.D. Fla. 1993) aff'd, 43 F.3d 678 (11th Cir. 1994).

Here, Plaintiffs seem to allege that they were misled or that Joel Watson was misled into

entering into a mortgage contract.  However, Plaintiff Joel Watson signed the mortgage contract on

September 20, 2004, and this suit was only commenced on November 5, 2013, more than 9 years

later.[1]  Plaintiffs assert that their cause of action accrued when they were served with a copy of the

mortgage in 2012.  However, the mortgage contract in question indicates that it was recorded in

Palm Beach County, Florida, on October 27, 2004.  Certainly, with the exercise of due diligence

Plaintiffs would have learned of the alleged fraud before November 6, 2009, the date marking 4

years prior to the filing of this case.  Thus, Plaintiffs' fraud claims are time-barred.

## 2. Negligence and other claims (Counts II, IV, and V)

The elements of a cause of action for negligence are:

> 1. A duty, or obligation, recognized by the law, requiring the [defendant] to conform
> to a certain standard of conduct, for the protection of others against unreasonable risks.
> 2. A failure on the [defendant's] part to conform to the standard required: a breach
> of the duty.
> 3. A reasonably close causal connection between the conduct and the resulting
> injury. This is what is commonly known as "legal cause," or "proximate cause," and
> which includes the notion of cause in fact.
> 4. Actual loss or damage.

*Clay Elec. Co-op., Inc. v. Johnson*, 873 So. 2d 1182, 1185 (Fla. 2003).

Further, "[g]ross negligence requires: 1) circumstances constituting an imminent or clear and

---

[1]An attachment to the Complaint indicates that Plaintiffs first filed their case in the
Supreme Court of the State of New York, and that that case was dismissed on June 27, 2012 on
*forum non convenience* grounds.  However, this does not save Plaintiffs' claims from
untimeliness.

present danger amounting to a more than normal or usual peril, 2) knowledge or awareness of the imminent danger on the part of the tortfeasor, and 3) an act or omission that evinces a conscious disregard of the consequences." *Vallejos v. Lan Cargo S.A.*, 116 So. 3d 545, 552 (Fla. 3d DCA 2013). Under Florida law, there is no duty to act for the benefit and protection of the other party in a usual creditor-debtor relationship. *See Watkins v. NCNB Nat. Bank of Florida, N.A.*, 622 So. 2d 1063, 1065 (Fla. 3d DCA 1993).

Here, Plaintiffs do not allege that Defendants owed them a duty, that any duty was breached, and that Plaintiffs' damages resulted from this breach. There are no allegations of any connection between Plaintiffs' damages and alleged Defendants' conduct. In fact, it is not clear at all how Plaintiffs sustained their damages. Likewise, there are no allegations of an unusually perilous situation. Thus, Plaintiffs did not state claims for negligence or gross negligence. Lastly, because Plaintiffs failed to state any claims or even sufficiently allege any wrongdoing, there can be no vicarious or successor liability.

### 3. Shotgun pleading

A court may strike a "shotgun pleading" because such pleadings impede the administration of justice. *Magluta v. Samples*, 256 F.3d 1282, 1285 (11th Cir. 2001); *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1296 (11th Cir. 2002). "The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions. Consequently, in ruling on the sufficiency of a claim, the trial court must sift out the irrelevancies, a task that can be quite onerous." *Strategic Income Fund, L.L.C.*, 305 F.3d at 1295.

Here, Plaintiffs' Complaint contains many allegations upon which no claims are based. At the same time, Plaintiffs failed to allege the nature of Jacqueline Watson's relationship with Defendants. Likewise, while Plaintiffs allege that Defendant Bank of New York was a "depositor" of some obligations in question in this case, it is absolutely unclear what this means and on what basis this can result in liability for the Bank of New York. The Court will grant Plaintiffs leave to amend the Complaint. However, any future pleading must be "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." *See* Fed. R. Civ. P. 8(a).

## IV. Conclusion

Accordingly, Defendants' Motion to Dismiss Complaint (DE 8) is **GRANTED**. Plaintiffs claims are **DISMISSED WITHOUT PREJUDICE**, but Plaintiffs will have leave to amend their Complaint **within 20 days** from the date of the Order.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 21st day of July, 2014.

_____
KENNETH A.  MARRA
United States District Judge